**FILED**
JUL 22 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT DOBYNS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case: 1:15-cv-01179   (G Deck) |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 7/22/2015 |
| UNITED STATES OF AMERICA, ) | Description: Habeas Corpus/2255 |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the Court on petitioner's *pro se* Motion for Judgment of Acquittal Notwithstanding the Verdict, or, in the Alternative, for New Trial, which is construed as a petition for a writ of habeas corpus. For the reasons discussed below, this matter will be dismissed.

Petitioner has been convicted in the Superior Court of the District of Columbia, and the District of Columbia Court of Appeals affirmed the judgment and sentence. *See* Mem. in Support of Motion for J. of Acquittal and/or Mot. for New Trial at 1-2. Petitioner's motions seeking post-conviction relief in the Superior Court have been denied. *See id.* at 6. Now petitioner asks this Court to "review the decision made by the trial Judge and make an independent finding of its own since it appears that the D.C. Code [§] 23-110 [motion] previously filed is not the vehicle through which Petitioner will receive any fair consideration." *Id.* at 12.



3

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a).").

Petitioner does not demonstrate that the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his conviction and subsequent incarceration. His apparent lack of success in prior collateral attacks on his conviction does not render his local remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). Petitioner has no recourse in this federal district court and, therefore, the Court will deny the petition and dismiss this action. *See Watson v. Middlebrooks*, No. 09–1682, 2009 WL 3163067, at *2 (D.D.C. Sept. 28, 2009).

An Order accompanies this Memorandum Opinion.

DATE: 7/21/2015

_____
United States District Judge